1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                                * * *
6    JEFFREY DAVID VOLOSIN,                Case No. 3:23-cv-00362-MMD-CSD
7                         Petitioner,                ORDER
8         v.
9    TIM GARRETT,
10                        Respondent.

11   **I.     SUMMARY**

12          *Pro se* Petitioner Jeffrey David Volosin has filed a Petition for Writ of Habeas

13   Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This matter comes before the

14   Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules").

15   For the reasons discussed below, the Court orders Volosin to show cause why his Petition

16   should not be dismissed as untimely and/or unexhausted.

17   **II.    BACKGROUND[1]**

18          Volosin challenges a conviction and sentence imposed by the Third Judicial District

19   Court for Lyon County ("state court"). On December 29, 2016, the state court entered a

20   judgment of conviction, pursuant to an *Alford* plea, convicting Volosin of lewdness with a

21   child under the age of 14. Volosin was sentenced to life with the possibility of parole after

22   10 years. Volosin appealed, and the Nevada Court of Appeals affirmed on December 15,

23   2017. Remittitur issued on January 12, 2018.

24          On August 16, 2019, Volosin filed a motion to enforce his guilty plea. On June 22,

25   2020, the state court denied the motion. On April 22, 2021, Volosin filed a state petition

26
27          [1]Judicial notice is taken of the docket records of the Nevada appellate courts,
     which may be accessed at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.
28

for post-conviction relief. The state court denied post-conviction relief on March 9, 2022. Volosin filed a post-conviction appeal, which is still pending with the Nevada Supreme Court. Volosin's reply brief is currently due on August 14, 2023.

On July 18, 2023, Volosin filed his instant Petition. (ECF No. 1-1.) On July 19, 2023, this Court ordered Volosin to pay the filing fee or file a completed *in forma pauperis* application. (ECF No. 4.) Volosin timely complied by paying the filing fee. (ECF No. 5.)

**III.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Volosin's Petition appears to be plagued with two potential defects.

**A.    Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th

2

1    Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R.

2    13.

3    The federal limitations period is tolled while "a properly filed application for State

4    post-conviction or other collateral review with respect to the pertinent judgment or claim

5    is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period

6    between finality of a direct appeal and the filing of a petition for post-conviction relief in

7    state court because no state court proceeding is pending during that time. *Nino v. Galaza*,

8    183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th

9    Cir. 2006).

10   Here, it appears that Volosin's conviction became final when the time expired for

11   filing a petition for writ of certiorari with the United States Supreme Court on March 15,

12   2018. The federal statute of limitations thus began to run the following day: March 16,

13   2018. The federal statute of limitations expired 365 days later on March 16, 2019.

14   Although Volosin filed a motion to enforce his guilty plea on August 16, 2019, and his

15   state habeas petition on April 22, 2021, they were filed after the AEDPA clock had already

16   expired. As such, Volosin's motion to enforce his guilty plea and state petition could not

17   have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482

18   (9th Cir. 2001). Accordingly, absent another basis for tolling or delayed accrual, Volosin

19   filed his Petition four years and four months after the AEDPA limitation period expired.

20   Volosin must show cause why the Petition should not be dismissed with prejudice

21   as time barred. In this regard, Volosin is informed that the one-year limitations period may

22   be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1)

23   he has been pursuing his right diligently; and (2) some extraordinary circumstance stood

24   in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

25   "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107

26   (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA]

27

28                                            3

is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Volosin ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Volosin further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date[2] or may be statutorily tolled. And Volosin is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, which he appears to preliminarily argue regarding the victim's recantation, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011).

---

[2]28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

1    In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency."

2    *Bousley v. United States*, 523 U.S. 614, 623 (1998).

3        **B.    Exhaustion**

4        A claim remains unexhausted until the petitioner has given the highest available

5    state court the opportunity to consider the claim through direct appeal or state collateral-

6    review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v.*

7    *Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state

8    remedies on each claim, the habeas petitioner must "present the state courts with the

9    same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

10   The federal constitutional implications of a claim, not just issues of state law, must have

11   been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109,

12   1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair

13   presentation requires both the operative facts and federal legal theory upon which a claim

14   is based). A claim is not exhausted unless the petitioner has presented to the state court

15   the same operative facts and legal theory upon which his federal claim is based. *Bland v.*

16   *California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

17       Volosin states that his Petition has been "preemptively filed in the nature of a

18   protective appeal pending a decision and exhaustion of state remedies." (ECF No. 1-1 at

19   2.) As Volosin admits, his ineffective assistance of counsel claims have not been

20   exhausted because his state postconviction appeal is still pending. As a matter of simple

21   comity, this Court is not inclined to intervene before giving the Nevada appellate courts

22   an opportunity to redress any violation of Volosin's constitutional rights. *See Coleman v.*

23   *Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is

24   "grounded in principles of comity; in a federal system, the States should have the first

25   opportunity to address and correct alleged violations of state prisoner's federal rights").

26

27                                                         5

28

1 Volosin must therefore show cause why his Petition should not be dismissed as
2 unexhausted.

3     In this regard, Volosin is informed that a federal district court is authorized to stay
4 an unexhausted petition in "limited circumstances" to allow a petitioner to present
5 unexhausted claims to the state court without losing his right to federal habeas review
6 due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273-
7 75 (2005). Where a petitioner is attempting in good faith to exhaust state remedies but is
8 unsure whether state proceedings for post-conviction relief are "properly filed" under 28
9 U.S.C. § 2244(d)(2), he may ask the federal court for a stay and abeyance of the federal
10 habeas proceedings until he exhausts his state remedies. *Id.* at 278.

11 **IV.    CONCLUSION**

12     It is therefore ordered that Petitioner Jeffrey David Volosin show cause within 45
13 days of the date of this order why this action should not be dismissed as untimely and/or
14 unexhausted. If Volosin does not timely respond to this order, the Petition will be
15 dismissed without further advance notice. If Volosin responds but fails to show with
16 specific, detailed, and competent evidence why the Petition should not be dismissed, the
17 action will be dismissed.

18     It is further ordered that all assertions of fact made by Volosin in response to this
19 show cause order must be detailed, must be specific as to time and place, and must be
20 supported by competent evidence. The Court will not consider any assertions of fact that
21 are not specific as to time and place, that are not made pursuant to a declaration under
22 penalty of perjury based upon personal knowledge, and/or that are not supported by
23 competent evidence filed by Petitioner in the federal record. Petitioner must attach copies
24 of all materials upon which he bases his argument that the Petition should not be
25 dismissed. Unsupported assertions of fact will be disregarded.
26 ///
27
28

6

DATED THIS 25th Day of July 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE