UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY DAVID VOLOSIN,<br><br>                Petitioner,<br>v.<br><br>TIM GARRETT, *et al.*,<br><br>                Respondents. | Case No. 3:23-cv-00362-MMD-CSD<br><br>ORDER |

I. **SUMMARY**

*Pro se* Petitioner Jeffrey David Volosin filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) On July 25, 2023, this Court conducted an initial review of the Petition and ordered Volosin to show cause why the Petition should not be dismissed as untimely and/or unexhausted. (ECF No. 6.) Volosin responded to the timeliness issue and moved for a stay regarding the exhaustion issue, and given Volosin's response, the Court ordered Respondents to file a response. (ECF No. 11.) Volosin then moved for the appointment of counsel, for this Court to take judicial notice of facts relating to his request for counsel, and to withdraw his motion for a stay, explaining that the motion and exhaustion issues were moot in light of the Nevada Court of Appeals' order. (ECF Nos. 14, 17, 21.) The Court deferred deciding the appointment of counsel motions and granted the request for the withdrawal of the motion for stay. (ECF No. 25.) Respondents filed their response to Volosin's response on March 11, 2024, and Volosin filed his reply on May 13, 2024. (ECF Nos. 30, 36.)

II. **BACKGROUND**

On January 13, 2017, the Third Judicial District Court for Lyon County entered a judgment of conviction, convicting Volosin of lewdness with a child under the age of 14.

(ECF No. 32-10.) Volosin was sentenced to life with the possibility of parole after 10 years. (*Id.*) Volosin appealed, and the Nevada Court of Appeals affirmed on December 15, 2017. (ECF No. 32-22.) Remittitur issued on January 12, 2018. (*Id.*)

On August 16, 2019, Volosin filed a motion to enforce his guilty plea, and on April 22, 2021, Volosin filed a state petition for post-conviction relief. (ECF Nos. 32-25, 32-31.) The state court denied Volosin post-conviction relief on March 9, 2022. (ECF No. 32-42.) Volosin filed a post-conviction appeal, and the Nevada Court of Appeals affirmed on November 22, 2023. (ECF No. 32-71.) Remittitur issued on December 18, 2023. (ECF No. 32-72.)

Volosin filed his instant Petition on July 18, 2023. (ECF No. 1-1.) In his Petition, Volosin alleges: (1) his trial counsel was ineffective during plea negotiations; (2) there was a breakdown in his attorney client relationship; (3) his trial counsel was ineffective for failing to thoroughly investigate the case before advising him to accept the plea deal; (4) he is actually innocent; and (5) there were cumulative errors. (*Id.*)

**III.    DISCUSSION**

In his response to this Court's order to show cause, Volosin argues that his Petition is timely because his 1-year limitation period began running on a later date than the date on which his judgment because final. (ECF No. 10.) Volosin explains that he was informed by his trial counsel during plea negotiations that his guilty plea agreement included a term that the State would "dismiss any and all [related] charges . . . , to include any charges currently pending against [him] out of . . . El Dorado County," California. (*Id.* at 2.) Several years later, while serving his prison term, on March 22, 2019, Volosin "was informed that a detainer hold had been lodged against him in relation to a felony complaint in El Dorado County, California, alleging sexual child abuse." (*Id.* at 9.) On August 13, 2019, Volosin filed a motion in state court to enforce his guilty plea agreement due to his belief that the complaint from El Dorado County violated this agreement. (*Id.* at 3, 11.) On June 3, 2020, an evidentiary hearing was held on Volosin's motion, and during this hearing, Volosin's trial counsel testified that they merely got verbal confirmation from El Dorado County

during plea negotiations that El Dorado County would dismiss the related charges against Volosin; however, Volosin's trial counsel failed to get this agreement in writing. (*Id.* at 12–13.)

Based on this information, under 28 U.S.C. § 2244(d)(1)(D), Volosin contends that his AEDPA clock did not start running until June 3, 2020, when he learned "the factual predicate of [his] claims" through his trial counsel's testimony at the evidentiary hearing. (ECF No. 10 at 14.) Under this analysis, Volosin's state habeas petition, filed on April 22, 2021, would have then tolled his AEDPA clock. As a result, 322 days elapsed between Volosin's learning of the factual predicate of his claims and his state habeas petition, and the remaining 43 days of his AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his state post-conviction petition. Tolling ended on December 18, 2023, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. Because Volosin filed his instant Petition on July 18, 2023, before his AEDPA clock even restarted, he argues that his Petition is timely.

Given Volosin's arguments regarding the timeliness of his Petition, this Court finds that a response to the Petition is warranted in the instant case.

This Court now turns to Volosin's motion for the appointment of counsel and related motion for judicial notice. (ECF Nos. 14, 17.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Volosin. The Court finds that appointment of counsel is in the interests of justice given, among other things, Volosin's life sentence and the procedural issues in this case.

**IV.     CONCLUSION**

It is therefore ordered that the motion for appointment of counsel and motion for judicial notice (ECF Nos. 14, 17) are granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to: (1) undertake direct representation of Volosin by filing a notice of appearance; or (2) indicate the office's inability to represent Volosin in these proceedings. If the Federal Public Defender is unable to represent Volosin, the Court will appoint alternate counsel. Appointed counsel will represent Volosin in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.[1]

The Clerk of Court is directed to: (1) file the Petition (ECF No. 1-1); (2) electronically serve the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1); and (3) send a copy of this order to Volosin and the CJA Coordinator for this division.

DATED THIS 15th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] By setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).